1 | **MAYALL HURLEY P.C.**
2 | **ROBERT J. WASSERMAN (SBN: 258538)**
    rwasserman@mayallaw.com
3 | **WILLIAM J. GORHAM (SBN: 151773)**
    wgorham@mayallaw.com
4 | **JENNY D. BAYSINGER (SBN: 251014)**
    jbaysinger@mayallaw.com
5 | **2453 Grand Canal Boulevard**
    **Stockton, California 95207-8253**
6 | **Telephone: (209) 477-3833**
    **Facsimile: (209) 473-4818**
7 |
8 | **Attorneys for Plaintiff Rudy Gonzalez**

9 | UNITED STATES DISTRICT COURT

10 | EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RUDY GONZALEZ**, an individual, | Case No.: 2:20-cv-03734-PSG-AGR |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | 1. **FAILURE TO PAY MINIMUM WAGE** |
| **XTREME MANUFACTURING, LLC**, a limited-liability corporation; and DOES 1-100, inclusive, | 2. **FAILURE TO PAY OVERTIME** |
| | 3. **FAILURE TO PROVIDE MEAL PERIODS** |
| Defendants. | 4. **FAILURE TO PROVIDE REST PERIODS** |
| | 5. **FAILURE TO REIMBURSE FOR ALL BUSINESS EXPENSES** |
| | 6. **FAILURE TO PAY ALL WAGES DUE AND OWING AT END OF EMPLOYMENT** |
| | 7. **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS** |
| | 8. **UNLAWFUL BUSINESS PRACTICES** |

Plaintiff Rudy Gonzalez brings this class action against Xtreme Manufacturing, LLC and Does 1 through 100, for violations of the California Labor Code, Fair Labor Standards Act, and the Business and Professions Code.

/ / /

/ / /

/ / /

Class Action Complaint – Page 1

# **PARTIES**

1. Rudy Gonzalez ("Gonzalez") is and at all times relevant herein was employed in Fresno County, California, and was an "employee" as defined by the California Labor Code ("Labor Code"), the Fair Labor Standards Act, and the applicable California Industrial Wage Commission ("IWC") Order(s).

2. Xtreme Manufacturing, LLC ("Defendant" or "Xtreme") is a limited-liability company, organized an existing under the laws of Nevada with its principal place of business located at 8350 Eastgate Road, Henderson, Nevada, which does business in California, Nevada, and throughout the United States.

3. At all times relevant herein, Xtreme has been an "employer" as defined by the Labor Code, the Fair Labor Standards Act, and the applicable IWC Order(s).

4. Xtreme and Does 1-100 are collectively referred to as Defendants.

5. Plaintiff is not aware of the true names and capacities of the Defendants sued herein as Does 1 through 100, whether individual, corporate, associate, or otherwise and therefore sue such Defendants by these fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and on that basis allege, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries and damages herein alleged were legally caused by such Defendants. Unless otherwise indicated, each Defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-Defendant.

6. Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant, employee, partner and/or joint venturer of and was acting in concert with each of the remaining Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times acting within the course and scope of such agency, service, employment partnership, joint venture and/or concert of action. Each Defendant, in doing the acts alleged herein, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining Defendants.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as it includes claims arising under the laws of the United States. The Court also has supplemental jurisdiction under the state law claims pursuant to 28 U.S.C. § 1367 because those claims are related such that they form part of the same case and controversy under Article III of the United States Constitution. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Fresno County, California, within this District. Plaintiff hereby demands a jury trial.

## GENERAL ALLEGATIONS

8. Gonzalez was hired by Xtreme as a Machinist in or around April 2019. Throughout his employment, Gonzalez reported to Xtreme's Selma, CA facility.

9. Mr. Gonzalez was, at all times relevant hereto, a non-exempt employee. As such, he was entitled to be paid for every hour worked and overtime as appropriate.

10. Throughout his employment, however, Xtreme failed to pay Gonzalez and its other non-exempt employees for all hours they worked.

11. Specifically, because of issues with Xtreme's timekeeping practices, including an inconsistent and unfair rounding policy, Mr. Gonzalez and Xtreme's other non-exempt employees were routinely credited for less hours than they actually worked.

12. Further, Xtreme routinely and knowingly edited its employees' time punches to reflect less hours than they actually worked and paid them only according to the altered records.

13. By way of specific example, there were numerous occasions that Gonzalez's managers/supervisors would physically alter his time punches in order to reduce the time worked and reflect less hours than he actually spent working.

14. Some of the time that was altered was overtime that should have been paid at overtime premium wages under the FLSA and/or California Labor Code.

15. Additionally, Mr. Gonzalez and Xtreme's other non-exempt employees were not consistently authorized or permitted to take meal and rest breaks as required by California law.

16. Xtreme required Gonzalez and its other non-exempt employees to work through meal and rest breaks due to understaffing and work demands.

17. Further, Xtreme frequently failed to relieve Gonzalez and its other non-exempt employees of employer control during their meal and rest breaks.

18. Xtreme also knowingly and intentionally edited Gonzalez and its other non-exempt employees' time punches to reflect meal periods that did not actually occur or did not occur as reported in the altered time records.

19. On the occasions that Gonzalez and Xtreme's other non-exempt employees were able to take their meal breaks, they routinely occurred after 5 hours of work.

20. When Gonzalez and the Xtreme's other non-exempt employees were not provided compliant meal and rest breaks, Xtreme did not pay premiums as required by California law.

21. Xtreme also intentionally and willfully failed to reimburse Gonzales and its other non-exempt employees for all necessary expenditures or losses incurred in the direct consequence of the discharge of their job duties in violation of Labor Code section 2802.  This included, but was not limited to, charging them for their uniforms.

22. Because of the violations set forth above, the wage statements furnished by Xtreme to its non-exempt employees violated California Labor Code section 226(a) insofar as they failed to accurately show:

   a. The gross wages earned, in violation of section 226(a)(1);
   b. The total hours worked, in violation of section 226(a)(2)
   c. The net wages earned, in violation of section 226(a)(5); and
   d. All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9).

23. Because Xtreme fails to pay its non-exempt employees for all the of the overtime they work and because they are not provided compliant meal and rest breaks, or the premiums associated with missing the same, they are not timely paid all wages due and owing to them each pay period and at the end of their employment.

/ / /

/ / /

/ / /

## CLASS ACTION ALLEGATIONS

24. Plaintiff seeks to maintain this action as a class action as to the First through Eighth Causes of Action. Plaintiff brings this action, on behalf of himself and all others similarly situated, as a class action pursuant to FRCP 23. The putative classes which Plaintiff seeks to represent consist of the following:

   a. All current and former non-exempt California employees of Xtreme who worked at least one shift from December 4, 2016 through the date of trial (the "Unpaid Wage Class");

   b. All current and former non-exempt California employees of Xtreme who worked one or more shift of longer than five hours from December 4, 2016 through the date of trial (the "Meal Break Class");

   c. All current and former non-exempt California employees of Xtreme who worked one or more shift of longer than three and one-half hours from December 4, 2016 through the date of trial (the "Rest Break Class");

   d. All current and former non-exempt California employees of Xtreme who incurred business expenses in the performance of their duties from December 4, 2016 through the date of trial ("Business Expense Class");

   e. All current and former non-exempt California employees of Xtreme who worked from December 4, 2019 through the date of trial (the "Wage Statement Class"); and

   f. All members of the Unpaid Wage Class, Meal Break Class, and Rest Break Class whose employment ended December 4, 2016 through the date of trial (the "Waiting Time Penalty Class")

The Unpaid Wage Class, Meal Break Class, Rest Break Class, Business Expense Class, Wage Statement Class, and Waiting Time Penalty Class are collectively referred to as the "Class".

25. The class of persons is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action is a benefit to the parties and to the Court. Plaintiff is informed and believes, and based thereon alleges, that Defendants employ more than 200 employees who satisfy the class definition. Although the exact number and identity of class members is not

presently known, they can be identified in Defendants' records through coordinated discovery pursuant to this class action.

26. This action may be maintained as a class because the questions of law and fact which are common to class members clearly predominate over any questions affecting only individual members and because a class action is superior to other available methods for adjudicating the controversy.

27. There are numerous common questions of law and fact arising out of Defendants' conduct. This class action focuses on Defendants': (a) systematic failure to properly pay employees for all hours worked, including overtime; (b) systemic failure to authorize and permit meal and rest breaks or to pay the requisite premiums in lieu of providing said breaks; (c) systematic failure to properly pay sick pay; (d) systematic failure to reimburse employees for all business expenses; (e) systematic failure to provide accurate itemized wage statements, and (f) systematic failure to pay all wages due and owing at the end of employment.

28. Furthermore, common questions of fact and law predominate over any questions affecting only individual members of the class. The predominating common or class-wide questions of law and fact include the following:

    a. Whether Defendants failed to pay their non-exempt California employees for all hours worked;

    b. Whether Defendants' rounding policy is facially neutral and/or detrimental as applied to the Class;

    c. Whether Defendants' pattern and practice of altering employee time records to deprive them of wages;

    d. Whether Defendants failed to provide compliant meal and rest breaks to their non-exempt California employees;

    e. Whether Defendants failed to timely pay all earned wages to their non-exempt California employees;

    f. Whether Defendants failed to pay premiums to their non-exempt California employees as a result of non-compliant meal and rest breaks;

       g.    Whether Defendants failed to reimburse their non-exempt California employees for business expenses incurred in the performance of their duties;

       h.    Whether the Defendants failed to furnish accurate itemized wage statements;

       i.    Whether Defendants failed to pay all wages due and owing at end of their non-exempt California employees' employment;

       j.    Whether the alleged violations constitute unfair business practices;

       k.    Whether the Class is entitled to injunctive relief; and

       l.    Whether the Class is entitled to unpaid wages, statutory penalties and/or restitutionary relief, and the amount of the same.

29. Plaintiff's claims are typical of the claims of the members of the Class as a whole, all of whom have sustained and/or will sustain damage and injury as a proximate and/or legal result of the alleged violations of Defendants. Plaintiff's claims are typical of those of the Class because Defendants subjected Plaintiff and each member of the Class to the same violations alleged herein based on common policies and practices of Defendants.

30. The defenses of Defendants, to the extent that such defenses apply, are applicable generally to the whole Class and are not distinguishable as to the proposed class members.

31. Plaintiff will fairly and adequately protect the interests of all members of the Class, and has retained attorneys with extensive experience in litigation, including class and representative actions. Plaintiff has no interests that conflict with those of the Class. Plaintiff is able to fairly and adequately protect the interests of all members of the class because it is in his best interest to prosecute the claims alleged herein in order to obtain the full compensation due herself and the other class members.

32. A class action is superior to any other method available for fairly and efficiently adjudicating the controversy because 1) joinder of individual class members is not practicable, 2) litigating the claims of individual class members would be unnecessarily costly and burdensome and would deter individual claims, 3) litigating the claims of individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants, 4) class members still working for Defendants may be fearful of retaliation if they were to bring individual claims, 5) class members would be discouraged from pursuing individual claims

because the damages available to them are relatively small, and 6) public policy encourages the use of the class actions to enforce employment laws and protect individuals who, by virtue of their subordinate position, are particularly vulnerable.

33. Judicial economy will be served by maintenance of this lawsuit as a class action. To process numerous virtually identical individual cases will significantly increase the expense on the Court, the class members, and Defendants, all while unnecessarily delaying the resolution of this matter. There are no obstacles to effective and efficient management of this lawsuit as a class action by this Court and doing so will provide multiple benefits to the litigating parties including, but not limited to, efficiency, economy, and uniform adjudication with consistent results.

34. Notice of a certified class action and any result or resolution of the litigation can be provided to class members by mail, email, publication, or such other methods of notice as deemed appropriate by the Court.

**FIRST CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA LABOR CODE § 1128.12 et seq.**
**(Failure to Pay Minimum Wage)**
**Against Defendants**

35. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

36. California Labor Code section 1182.12 establishes the minimum wage for California employees from July 1, 2014, to present.

37. Labor Code Section 1194 provides, in relevant part:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage ... applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage ... including interest thereon, reasonable attorney's fees, and costs of suit.

38. Labor Code section 1194.2 provides, in relevant part:

> In any action under ... Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

39. Labor Code section 1197 provides that the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a lesser wage is unlawful.

40. Pursuant to California Labor Code section 1198, the maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees and the employment of any employee for longer hours than those fixed by the commission or under conditions of labor prohibited by the order is unlawful.

41. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other members of the Unpaid Wage Class for every hour worked.

42. Wherefore, Plaintiff and the other members of the Unpaid Wage Class have been injured as set forth above and request relief as hereafter provided.

**SECOND CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA LABOR CODE §§ 510 & 1198 AND THE FAIR LABOR STANDARDS ACT**
**(Failure to Pay Overtime)**
**Against Defendants**

43. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

44. Pursuant to California Labor Code section 510, any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

45. Pursuant to California Labor Code section 1198, the maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the

standard conditions of labor for employees and the employment of any employee for longer hours than those fixed by the commission or under conditions of labor prohibited by the order is unlawful.

46. The Fair Labor Standards Act, 29 USC §§ 201 et seq. and 29 CFR §§ 778 et seq., requires time-and-a-half pay for the time an employee works over forty hours a week.

47. During the relevant time period, Plaintiff and Defendant's other non-exempt California employees regularly worked overtime.

48. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and other members of the Unpaid Wage Class all overtime wages due to them.

49. Wherefore, Plaintiff and the other members of the other members of the Unpaid Wage Class have been injured as set forth above and request relief as hereafter provided.

## THIRD CAUSE OF ACTION
### VIOLATION OF LABOR CODE §§ 226.7, 512 and IWC WAGE ORDERS
### (Failure to Provide Meal Periods)
### Against Defendants

50. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

51. Labor Code § 226.7 requires employers to provide employees meal breaks as mandated by Order of the Industrial Welfare Commission. It states:

    a. No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

    b. If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee 1 additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

52. Labor Code § 512(a) and the applicable Wage Order(s) provide that an employer may not employ a person for a work period of more than 5 hours per day without providing that employee a meal period of not less than 30 minutes, except that if the total work period per day is

1 no more than six hours, the meal period may be waived by mutual consent of both the employer
2 and employee. An employer may not employ a person for a work period of more than 10 hours per
3 day without providing an employee with a second meal period of not less than 30 minutes, except
4 that if the total work period per day of the employee is no more than twelve 12 hours, the meal
5 period may be waived by mutual consent of both the employer and the employee, and if the first
6 meal period was not waived.

7       53.     During the relevant time period, Plaintiff and the other members of the Meal Break
8 Class were not provided with compliant meal breaks, nor did they receive an additional hour of
9 premium pay for each denied meal break.

10      54.     Wherefore, Plaintiff and the other members of the Meal Break Class have been
11 injured as set forth above and request relief as hereafter provided.

### FOURTH CAUSE OF ACTION
**VIOLATION OF LABOR CODE §§ 226.7, 512 and IWC WAGE ORDERS**
**(Failure to Provide Rest Periods)**
**Against Defendants**

15      55.     Plaintiff hereby realleges and incorporates by reference each and every allegation set
16 forth above as though fully set forth herein, except as said paragraphs are inconsistent with the
17 allegations of this cause of action.

18      56.     Labor Code § 226.7 requires employers to provide employees rest periods as
19 mandated by Order of the Industrial Welfare Commission. It states:

   a.  No employer shall require any employee to work during any meal or rest
       period mandated by an applicable order of the Industrial Welfare
       Commission.
   b.  If an employer fails to provide an employee a meal period or rest period in
       accordance with an applicable order of the Industrial Welfare Commission,
       the employer shall pay the employee 1 additional hour of pay at the
       employee's regular rate of compensation for each work day that the meal or
       rest period is not provided

27      57.     The applicable Wage Order(s) provides that every "employer shall authorize and
28 permit all employees to take rest periods, which insofar as practicable shall be in the middle of

each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof…" The applicable Wage Order further provides that "[i]f an employer fails to provide an employee rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

58. During the relevant time period, Plaintiff and other members of the Rest Break Class were not provided with compliant rest breaks, nor did they receive an additional hour of premium pay for each denied rest break

59. Wherefore, Plaintiff and the other members of the Rest Break Class have been injured as set forth above and request relief as hereafter provided.

### FIFTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE § 2802
### (Failure to Reimburse Business Expenses)
### Against Defendants

60. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

61. Pursuant to California Labor Code § 2802(a), "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

62. As set forth above, Defendants intentionally and willfully failed to reimburse Plaintiff and the other members of the Business Expense Class for all necessary expenditures or losses incurred in the direct consequence of the discharge of their job duties including in violation of Labor Code section 2802.

63. Wherefore, Plaintiff and the other members of the Business Expense Class have been injured as set forth above and request relief as hereafter provided.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE §§ 201, ET SEQ.**
**(Failure to Pay All Wages Due and Owing at End of Employment)**
**Against Defendants**

64. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

65. California Labor Code section 201 provides that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

66. California Labor Code section 202 requires an employer to pay an employee all earned wages within 72 hours of the employee quitting his or her employment, or immediately at the time of quitting if the employee has given 72 hours previous notice of his or her intention to quit.

67. As set forth above, Gonzalez and the other members of the Waiting Time Penalty Class Class were not timely paid all of their earned but unpaid wages, including minimum wage, overtime, and meal and rest break premiums, when their employment with Defendants ended

68. Wherefore, Plaintiff and the other members of the Waiting Time Penalty Class have been injured as set forth above and request relief as hereafter provided.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE § 226(a)**
**(Failure to Furnish Accurate Itemized Wage Statements)**
**Against Defendants**

69. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

70. Pursuant to California Labor Code section 226(a) "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when the wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee [. . .], (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

employee and only the last four digits of his or her social security number or an employee identification number, (8) the name and address of the legal entity that is the employer [. . .], (9) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee and, if the employer is a temporary services employer [. . .], the rate of pay and the total hours worked for each temporary services assignment."

71.   An employee suffering injury as a result of the knowing and intentional failure by an employer to comply with Labor Code section 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed the aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.  Labor Code § 226(e)(1).

72.   An employee is deemed to suffer injury if the employer fails to provide a wage statement or if the employer fails to provide accurate and complete information as required by any one or more of the items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone, i) the amount of gross/net wages paid to the employee during the pay period or any of the other information required to be provided pursuant to Labor Code section 226(a) items (2) to (4), inclusive, (6) and (9), ii) deductions made by the employer, iii) the name and address of the employer and iv) the name of the employee and the last four digits of his or her social security number or employee identification number.  Labor Code § 226(e)(2)(A) and (B)(i)-(iv). "Promptly and easily determine" means a reasonable person would be able to readily ascertain the information without reference to other documents or information.  Labor Code § 226(e)(2)(C).

73.   As set forth above, Defendants intentionally and willfully failed to furnish accurate itemized wage statements which complied with Labor Code section 226.

74.   Wherefore, Plaintiff and the other members of the Waiting Time Penalty Class have been injured as set forth above and request relief as hereafter provided.

/ / /

/ / /

/ / /

## EIGHTH CAUSE OF ACTION
**VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ*.**
**(Unfair Business Practices)**
**Against Defendants**

75. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

76. The statutory violations, as alleged above, are unfair business practices within the meaning of the Unfair Competition Law (Business and Professions Code sections 17200 *et seq*), and include, but are not limited to failing to properly pay minimum and overtime wages, failing to pay meal and rest break premiums, and failing to reimburse employees for business expenses incurred while performing their duties.

77. Wherefore, Plaintiff and the other members of the Unpaid Wage Class, Meal Break Class, Rest Break Class, and Business Expense Class have been damaged as set forth above and request relief as hereafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays judgment against Defendants as follows:

**As to the First through Eighth Causes of Action:**

1. That this Court certify the Class;
2. That this Court appoint Plaintiff as representative of the Class;
3. That this Court appoint Mayall Hurley, P.C. as Class Counsel;
4. That this Court award actual, compensatory, special, and general damages as well as restitutionary relief to Plaintiff and the members of the Class;
5. That this Court award injunctive relief, including that available under 29 U.S.C. § 217 and Labor Code sections 226(h), as well as Business and Professions Code Section 17203;
6. That this Court award penalties and liquidated damages including, but not limited to, those available under Labor Code sections 203, 226, 226.7, 512 and 1194.2, as well as 29 U.S.C. § 216;

7. That this Court award statutory attorneys' fees and costs, including those available under 29 U.S.C. § 216(b), Labor Code sections 218.5, 226(e)(1), 1194, and 2802, 29 U.S.C. § 216, as well as Code of Civil Procedure section 1021.5;

8. That this Court award prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and

9. That this Court award such other and further relief as the court deems just and proper.

**DATED:** December 4, 2020                                     **MAYALL HURLEY P.C.**

By  */s/ Robert J. Wasserman*
ROBERT J. WASSERMAN
JENNY D. BAYSINGER
Attorneys for Plaintiff and the Putative Class